IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELEPHENIA THOMPKINS BROXSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:08cv582-WKW |
| CHRIS TURNER, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the undersigned Magistrate Judge upon Plaintiff's filing of a

Complaint, as amended.  Compl. (Doc. #1, #5).  For the reasons that follow, the

undersigned Magistrate Judge RECOMMENDS the Court DISMISS Plaintiff's

Complaint, as amended, without any further opportunity for amendment and prior to

service, because this Court lacks subject matter jurisdiction.

**I.     BACKGROUND**

On July 22, 2008, Plaintiff Elephenia Thompkins Broxson (Broxson), a resident of

Troy, Alabama, filed suit seeking monetary relief for mistreatment and legal malpractice.

Compl. (Doc. # 1) at 1-2.  Pursuant to 28 U.S.C. § 636(b)(1), the Honorable W. Keith

Watkins, District Judge, referred this case to the undersigned for all pretrial proceedings

and entry of any orders or recommendations as may be appropriate.  Order of July 25,

2008 (Doc. #3).  I granted Broxson permission to proceed *in forma pauperis*, but stayed

further proceedings on her Complaint, because the Complaint suffered from obvious insurmountable defects.  Order of July 28, 2008 (Doc. #4).

Specifically, the initial Complaint – neither sworn nor notarized – did not specify any federal cause of action or other basis for federal jurisdiction.  Rather, it appears Broxson brought suit against Chris Turner (Turner), an attorney in the State of Alabama with an office in Geneva, for his alleged failure to represent Broxson and to file a suit on her behalf.  Broxson also sued David Harrison (Harrison), another attorney in the State of Alabama with an office in Dothan, for allegedly misinforming Broxson about the status of a pending claim Harrison filed on her behalf with AHP Settlement Trust.  Compl. (Doc. #1) at unnumbered pages 1, 3, 4, 6.

The undersigned ordered Broxson to file an Amended Complaint specifying the wrongful act committed by Defendant, including the date and place of the wrongdoing, the federal statute or constitutional provision that was violated by each act of wrongdoing, and the specific injury or damage to Broxson as a result of each act of wrongdoing.  Order of July 28, 2008 (Doc. #4).  In response, Broxson filed an Amended Complaint (Doc. #5), providing additional detail.  She claims Turner evaluated injuries from which she suffers and would not file a claim on her behalf.  Broxson claims Turner lied to her about his decision not to file a claim.  She also claims an employee in Turner's office lied to her in person and over the phone about the Trust giving Broxson a large settlement.  Am. Compl. (Doc. #5) at unnumbered pages 4-5.  With regards to Harrison, Broxson claims

2

Harrison told her "the Trust denied [her] Green Form," but she later learned the Trust had not denied her form, and Harrison refused to see her when she came to his office.  Am. Compl. (Doc. #5) at unnumbered pages 1-3.

Because Broxson is proceeding *in forma pauperis*, the Court is required under the provisions of 28 U.S.C. § 1915(e)(2)(B) to dismiss a case at any time if it determines that the action or appeal is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court also at any time may review *sua sponte* whether it possesses subject matter jurisdiction over Broxson's claims.  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409-11 (11th Cir. 1999) (outlining a federal court's duty to *sua sponte* consider its own subject matter jurisdiction); Employers Mut. Cas. Co. v. Evans, 76 F. Supp. 2d 1257, 1259 (N.D. Ala. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); see also Insur. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704 (1982).  The Court now addresses its recommendation.

## II.   DISCUSSION

The undersigned recommends the Court dismiss Broxson's Complaint without prejudice because this Court lacks subject matter jurisdiction.  Federal courts are courts of limited jurisdiction.  Federal district courts are empowered to hear cases only by express congressional grants of jurisdiction.  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d at

409-10.  Therefore, to invoke the jurisdiction of such courts a complaint must affirmatively and distinctly allege the statutory basis for the jurisdiction.  Cuyhoga River Power Co. v. N. Ohio Traction & Light Co., 252 U.S. 388, 397 (1920) (stating that a case "cannot be made in a federal court unless there be involved a federal question, and a federal question, not in mere form, but in substance, and not in mere assertion, but in essence and effect"); 2 J. Moore et al., Moore's Federal Practice § 8.03[1] (3d ed. 2006); 5 C. Wright & A. Miller, Federal Practice and Procedure:  Civil 2d. § 1206 (2005 & Supp. 2006); see also e.g., McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); Kirkland Masonry v. Comm'r of Internal Revenue, 614 F.2d 532, 533 (5th Cir. 1989) (per curiam).  A plaintiff, for example, can assert either diversity-of-citizenship jurisdiction, 28 U.S.C. § 1332, or federal-question jurisdiction, 28 U.S.C. § 1331, if the evidence she has supports that jurisdiction.  Broxson's Complaint fails to do either, and it is evident from her Amended Complaint that jurisdiction cannot be established.  Liberally construing Broxson's Complaint, as amended, she attempts to assert a legal malpractice claim and possibly a claim for mistreatment against two attorneys with business offices in the State of Alabama, where Broxson also resides.  To the extent Broxson's claims belong anywhere, they belong in state court.  Broxson's Amended Complaint therefore should be dismissed before service on Turner and Harrison because no federal jurisdiction exists over Broxson's claims.

4

III.   **CONCLUSION**

For the reasons discussed above, it is the RECOMMENDATION of the Magistrate Judge that Broxson's Complaint, as amended, be DISMISSED without any further opportunity for amendment and prior to service of process because the Court lacks subject matter jurisdiction over Broxson's claims.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before August 26, 2008.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).  See Stein v. Reynolds Secs., Inc., 667 F.2d 33 (11th Cir. 1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 13th day of August, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE